[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on March 26, 1983 at West Haven, CT Page 7262 Connecticut. They have resided continuously in this state since that date. There are four minor children issue of the marriage: Natalie Bonito, born September 16, 1983; Nicole Bonito, born March 24, 1985; Danielle Bonito, born September 24, 1986; and Michelle Bonito, born March 14, 1988.
The evidence presented at trial has already established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in § 46b-56, 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decision reflected in the orders that follow.
The plaintiff has no vocational skills. She is able to earn minimum wage at this time. With four children ranging in age from seven to 12, her homemaking duties are a full time endeavor. It is to her credit that she has obtained a part time job outside of the home. The plaintiff is 33 years of age and in good health. Throughout this 12 year marriage, the plaintiff assumed the role of homemaker, raising their four children. The defendant was unable to acknowledge the noneconomic contributions of the plaintiff to the marriage.
For the past 20 years or so, the defendant has been employed as a wallpaper hanger and painter. He has been self employed for the past ten years or so. Notwithstanding his income tax returns, the defendant has made between $45,000 and $50,000 per year. The parties have lived well; there are no large credit card bills; there are no outstanding loans. Throughout the marriage the defendant was able to accumulate large sums of cash which he hid in his home or placed in his mother-in-law's attic safe. Major purchases such as a piano ($2400), a boat ($11,000) and appliances ($400) were paid for in cash. These cash purchases were made at a time when the defendant claimed his business was declining. In July 1994, the plaintiff uncovered the sum of $8000 in cash which the defendant had hidden in the home.
Approximately ten weeks before this trial, the defendant terminated his self employment as a wall paper hanger and painter and went to work as a car salesperson claiming a base salary of $12,000 per year. In addition to this base salary, the defendant will earn commissions depending on his sales. His financial affidavit indicates a gross commission of $250 per week or $13,000 CT Page 7263 per year. The defendant, in effect, has voluntarily reduced his income by half.
The defendant has decided at 42 years of age to change his career — a career that has provided he and his family with a comfortable lifestyle, a career that earned between $50,000 to $60,000 a year — a career that allowed the defendant to accumulate large sums of cash and a career that allowed the defendant to pay for all their comforts and needs in cash, without the necessity of running up credit card bills, without borrowing and without loans.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marriage.
The two major remaining assets of this marriage are the marital home and the defendant's annuity of $19,800.
The marital home was purchased approximately six months prior to the marriage. The $20,000 deposit to purchase this home came from the defendant. Thereafter, the parties added improvements to the home, including adding another bedroom, remodeling the bathroom, refinishing the basement and adding a deck and pool. The property has a value of $140,000 subject to a $56,000 mortgage.
The financial orders crafted in this case are based on the court's finding that the defendant has an earning capacity and ability to earn between $50,000 and $60,000 per year. Up until ten weeks before this trial, that was in fact the defendant's income. Based on this family's basic living expenses and lifestyle undisputed by the defendant, there is no way this defendant earned only the amount he reported for income tax purposes. As previously indicated, there are no high credit card liabilities, no loans, no debts, no second mortgage and no home equity loans. Further, the defendant had the ability to squirrel away large sums of cash. The defendant told a neighbor he had the potential to earn $500/day. This court finds that the defendant has voluntarily reduced his income.
In fashioning the financial orders, the court has attempted to provide some financial security for the plaintiff and four minor children.
The court has carefully considered all the statutory criteria set forth in § 46b-81 and 46b-82 in addition to the other statutory CT Page 7264 criteria in reaching the decisions reflected in the orders that follow.
CUSTODY
1) As agreed between the parties, there shall be joint legal custody of the four minor children with physical custody to the plaintiff.
2) The defendant shall be entitled to reasonable and flexible visitation as the parties shall agree.
CHILD SUPPORT
Commencing June 16, 1995, the defendant shall pay to the plaintiff as child support the sum of $400 per week until each child reaches the age of 19 years or completes twelfth grade, becomes emancipated or dies or reaches the age of 18 years.
REAL ESTATE
1) The defendant shall transfer to the plaintiff all his right, title and interest in and to the marital home located at 218 Colonial Boulevard, West Haven, Connecticut. The plaintiff shall be responsible for the mortgage, taxes and insurance and shall hold the defendant harmless therefrom.
2) The plaintiff shall execute a mortgage deed and non-interest bearing note to the defendant in the amount of $30,000 payable when the youngest child reaches the age of 18 years or upon the sale of the premises, whichever event shall first occur.
3) The defendant shall subordinate said mortgage to any refinancing entered into by the plaintiff.
4) The defendant shall be responsible for the June mortgage interest and taxes payment.
5) All utility bills shall be current, paid and up to date when the defendant vacates the premises.
6) The pendente lite orders remain in effect until June 16, 1995.
ALIMONY
CT Page 7265
Commencing June 16, 1995, the defendant shall pay to the plaintiff as alimony the sum of $100 per week until the death of the plaintiff, the death of the defendant, the plaintiff's remarriage or cohabitation as defined by statute, or until the youngest child reaches the age of 18 years.
DEBTS
1) The defendant shall be responsible for the Visa First card and shall hold the plaintiff harmless therefrom.
2) The defendant shall be responsible for any and all sums for taxes due the State of Connecticut for the year 1993.
3) The defendant shall file the appropriate state and federal tax forms for the year 1994 and shall be solely responsible for any taxes due thereon and shall hold the plaintiff harmless. The defendant shall be entitled to any tax refund.
4) The defendant shall be entitled to claim the four minor children as dependents for income tax purposes for the year 1994, provided that the plaintiff has not already filed a 1994 tax return.
PERSONAL PROPERTY
1) The 1988 Jeep shall be the sole property of the wife as the parties have agreed. The defendant shall execute forthwith whatever documents are necessary to transfer title. Any outstanding car tax owed the City of West Haven shall be paid by the defendant.
2) The 1971 Triumph TR-7 motor vehicle shall remain the sole property of the defendant as the parties have agreed.
3) The defendant shall be entitled to the following as the parties agreed:
Pool table
Defendant's tools of the trade
Trade material CT Page 7266
Power drill
Personal clothing
4) The plaintiff shall be entitled to the remaining contents of the family home including the piano and computer.
5) The defendant shall be entitled to his power boat.
6) Each party shall retain their respective IRAs as indicated on his/her financial affidavit as the parties agreed.
7) The U.S. savings bonds shall be held by the plaintiff for the benefit of the minor children.
ANNUITY
The defendant shall transfer to the plaintiff forthwith the Sum of $12,500 from the defendant's annuity. The remaining amount in the annuity shall be the defendant's.
LIFE INSURANCE
The defendant shall name the four minor children as irrevocable beneficiaries on his present life insurance policy of $92,000. The plaintiff shall be named as trustee for the four minor children as agreed by the parties.
MEDICAL COVERAGE
The defendant shall provide medical, dental and hospital coverage for the benefit of the four minor children. Any unreimbursed medical expense shall be equally divided between the parties.
TAX EXEMPTIONS
The defendant shall be entitled to claim the three youngest children as dependents for income tax purposes for 1995 and thereafter, provided he is current in the child support payments as of December 31.
ARREARS
1) The pendente lite arrears of $150 shall be paid within CT Page 7267 two weeks of date.
2) The defendant owes $1676 in unpaid medical bills. Said bills shall be paid within 30 days of date.
COUNSEL FEES
The defendant shall pay to the plaintiff as counsel fees the sum of $1000 within 30 days of date.
Coppeto, J.